**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

WILLIE P. JOHNSON,                    :
AIS 272233,
                                      :

      Petitioner,
                                      :

vs.                                             CA 11-0417-WS-C
                                      :

BETTINNA CARTER,                      :

      Respondent.


**REPORT AND RECOMMENDATION**

     Willie P. Johnson, a state prisoner presently in the custody of the respondent, has

petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  This

matter has been referred to the undersigned for the entry of a report and

recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is

recommended that the Court find that it is procedurally barred from reaching the

merits of the claims raised by Johnson.

**BACKGROUND**

     On March 18, 2010, arising out of indictments in three cases consolidated for trial,

petitioner was convicted of one count of trafficking marijuana, two counts of unlawful

1

distribution of marijuana, three counts of unlawful possession of marijuana, and one count of unlawful possession of drug paraphernalia. (*See* Doc. 10, Exhibit A, ORDERS in Case Nos. CC 08-280, CC 08-281 & CC 08-282.) On May 19, 2010, the trial judge adjudicated Johnson guilty of one count of trafficking marijuana, two counts of unlawful distribution of marijuana, and one count of unlawful possession of drug paraphernalia. (*See id.*, SENTENCING ORDERS in Case Nos. CC 08-280, CC 08-281 & CC 08-282.) That same date, Johnson was sentenced to a 241-month term of imprisonment on the trafficking count, concurrent 96-month terms of imprisonment on the two counts of unlawful distribution of marijuana, and a concurrent one-year term of imprisonment for unlawful possession of drug paraphernalia. (*See id.*)[1] Johnson filed written notice of appeal (*see id.*, NOTICE OF APPEAL); however, on August 13, 2010, the Alabama Court of Criminal Appeals dismissed Johnson's appeal "due to his failure to pay the docket fee." (Doc. 10, Exhibit B, MEMORANDUM, at 1.)

Instead of appealing the foregoing ruling, Johnson filed a Rule 32 petition in the Circuit Court of Escambia County, Alabama on September 20, 2010, collaterally attacking his convictions and sentences. (*See id.* at 2.) "In the petition, Johnson raised the following claims for relief: (1) that his conviction[s were] obtained through the use of evidence that was discovered pursuant to an illegal search and seizure; (2) that his

---

[1]     The face of the sentencing orders make clear that Johnson was not adjudicated by the trial court to be guilty of possession of marijuana nor was he sentenced to any terms of imprisonment for possession of marijuana. (*See id.*)

convictions for both possession of marijuana and trafficking marijuana in CC-08-280 violate double-jeopardy principles; (3) that the State failed to disclose exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963); (4) that his trial attorney rendered ineffective assistances; and (5) that the circuit court lacked authority to render judgment or to impose sentence." (*Id.*) The State of Alabama filed a motion to dismiss on October 8, 2010 (Doc. 10, Exhibit A, Motion to Dismiss) and Johnson filed his opposition thereto on October 18, 2010 (*see id.*, Opposition to State's Motion to Dismiss). On November 1, 2010, the trial court entered an order granting the State's motion to dismiss. (*See id.*, ORDER dated November 1, 2010.)

> The defendant alleges in his post conviction petition that the constitution of the United States or the State of Alabama require a new trial, a new sentence proceeding or other relief because his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure, his conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant, his conviction was obtained by a violation of the protection against double jeopardy and he was denied effective assistance of counsel. The defendant also alleges that the Court was without jurisdiction to render the judgment or to impose the sentence. The Court will address each of the grounds for relief raised by the defendant.
>
> The allegation that the defendant's conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure is without merit. A valid search warrant was issued for the search of the residence based on controlled buys made from the defendant. A motion to suppress was filed by counsel for the defendant on March 10, 2009 and this motion was denied on September 14, 2009 after a hearing was held. The search warrant was based upon probable cause as contained in the affidavit accompanying the application for a search warrant.

The defendant's allegation that his conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant is without merit. The defendant fails to allege any specific exculpatory or favorable evidence that was not disclosed to the defendant or counsel for the defendant.

The defendant's allegation that his conviction was obtained by a violation of the protection against double jeopardy is without merit. Each case involved a separate transaction or event. In CC 08-280 the defendant was sentenced only for the offenses of trafficking marijuana (count 1) and unlawful possession of drug paraphernalia (count 3) even though he was also found guilty of unlawful possession of marijuana first degree (count 2). In CC 08-281 the defendant was sentenced only for the offense of unlawful distribution of a controlled substance (count 1) even though he was also found guilty of unlawful possession of [a] controlled substance (count 2). In CC 08-282 the defendant was sentenced only for the offense of unlawful distribution of marijuana (count 1) even though he was also found guilty of unlawful possession of a controlled substance (count 2).

The defendant's allegation that he was denied effective assistance of counsel is without merit. The undersigned judge presided over the trial of this matter and has personal knowledge of the representation of the defendant by counsel. Counsel for the defendant filed a request for discovery, a motion to continue, a motion to suppress, a motion to require the State to reveal any agreement entered into between the State and any prosecution witness, a motion to compel disclosure of confidential informant, a response to the State's motion in limine, a motion for judgment of acquittal at the close of the State's case and at the close of all the evidence as well as various post conviction motions. The defendant alleges that his counsel was ineffective due to the fact that there was no probable cause for the search warrant. As pointed out above, counsel for the defendant filed a motion to suppress and after hearing the motion, the Court determined that there was sufficient probable cause for the issuance of the search warrant. The defendant alleges that his counsel allowed the prosecutor to admit into evidence a lab analysis. A foundation was laid by the State for the introduction of the lab analysis by Stephanie Fisher a lab technician with the Alabama Department of Forensic Sciences. The lab report did not contain any exculpatory evidence. The defendant alleges that his counsel was ineffective because there was no probable cause

4

hearing on the distribution charges. Probable cause was established once the defendant was indicted. This case took four days to try and during the trial the Court observed counsel for the defendant. The Court found that counsel for the defendant was well prepared, competent and vigorous in his representation of the defendant. The Court does not find that counsel's conduct so undermined the proper functioning of the adversary process that the trial cannot be relied on as having produced a just result. The Court finds that counsel for the defendant has met the requirements enunciated in <u>Strickland v. Washington</u>, 566 U.S. 668 (1984). Accordingly, based upon the Court's observations and the Court's involvement in this case, the Court finds that the defendant was not denied effective assistance of counsel.

The defendant's allegation that his conviction was obtained by the unconstitutional failure of the prosecutor to disclose to defendant evidence favorable to the defendant is without merit. Discovery materials were made available to counsel for the defendant. The defendant fails to make any specific factual allegations to support this contention. Once again, the defendant references the lab analysis used against him at trial. This evidence was presented by the in court testimony of Stephanie Fisher and there is no specific factual allegation that any favorable evidence was withheld from the defendant.

The defendant's allegation that the Court was without jurisdiction to render the judgment or to impose sentence is without merit. The defendant alleges that because he was tried for trafficking, felony possession of marijuana and possession of drug paraphernalia that he was prejudiced. The cases were consolidated for trial on the defendant's motion. This allegation does not affect the jurisdiction of the trial court. Also, he alleges that because he was charged with a misdemeanor along with felonies that his conviction was not valid. The Circuit Court has authority to try a defendant for misdemeanors pursuant to Rule 2.2(a) of the Alabama Rules of Criminal Procedure. This allegation would not affect the jurisdiction of the Circuit Court to try the defendant for a misdemeanor arising from the same incident as a felony.

The defendant has failed to raise specific facts to support the allegations of his petition. Accordingly, the Court grants the State's motion to dismiss and denies each and every claim contained within the

5

defendant's petition for relief from conviction or sentence.

(*Id*. at 1-5 (internal citations omitted).)

The Alabama Court of Criminal Appeals affirmed the trial court's dismissal of

Johnson's Rule 32 petition by unpublished memorandum opinion entered on March 11,

2011. (Doc. 10, Exhibit B.)

## I.

Johnson argues that the evidence seized from his mother's residence was obtained through the use of an invalid search warrant. Specifically, Johnson contends that the search warrant was improperly issued because the police lacked probable cause to believe that they would find controlled substances in the residence. We have reviewed the circuit court's order and the attachments therein and now adopt the order with respect to this issue as a part of this memorandum. Johnson has failed to show how the circuit court clearly erred in determining that the search warrant was supported by sufficient probable cause. Accordingly, Johnson is entitled to no relief on this claim.

Additionally, Johnson appears to argue on appeal that investigators used false information when they applied for this search warrant. The claim was not originally presented to the circuit court. "An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition." Arrington v. State, 716 So.2d 237, 239 (Ala.Crim.App. 1997). Accordingly, this claim is not properly before this Court for review.

.      .      .

## II.

Johnson also argues that the circuit court erred when it determined that his claim that the prosecution failed to disclose exculpatory evidence in violation of Brady was meritless. We have reviewed the circuit court's order and now adopt its findings with respect to this issue as a part of this

opinion. Johnson failed to explain what alleged exculpatory evidence was withheld by the State and not disclosed to him prior to trial. As such, Johnson failed to present a colorable claim of a <u>Brady</u> violation and cannot show how the circuit court's decision with respect to this claim was clearly erroneous. Accordingly, Johnson is entitled to no relief on this claim.

.      .      .

### III.

Johnson also argues that the circuit court erred in denying his claim that trial counsel was ineffective at various junctures of his trial. Specifically, Johnson contends that trial counsel rendered ineffective assistance for, among other things, failing to: (a) conduct adequate pretrial investigation, (b) challenge the validity of his search warrant, and (c) challenge the admission of evidence at trial.

In <u>Hyde</u>, this Court explained:

> To sufficiently plead an allegation of ineffective assistance of counsel, a Rule 32 petitioner not only must identify the specific acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment, <u>Strickland v. Washington</u>, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), but also must plead specific facts indicating that he or she was prejudiced by the acts or omissions, i.e., facts indicating that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. 466 U.S. at 694, 104 S.Ct. 2052. A bare allegation that prejudice occurred without specific facts indicating how the petitioner was prejudiced is not sufficient.

950 So.2d at 356.

Here, it is apparent that the circuit court did not clearly err in denying Johnson's various claims of ineffective assistance. First, Johnson's claim regarding counsel's investigation is nothing more than a bare

7

allegation that counsel's performance was somehow deficient. Second, the circuit court explained that counsel filed a motion to suppress and a hearing was held on that motion. Finally, the circuit court found that the State laid the proper foundation for the admission of the forensic evidence Johnson claimed counsel should have challenged. In each of these claims, Johnson has failed to meet his burden of pleading with the sufficiency and specificity required by Rules 32.3 and 32.6(b) to show both deficient performance and prejudice as required by <u>Strickland</u>. Accordingly, the circuit court did not clearly err in denying Johnson's various claims of ineffective assistance of counsel.

IV.

Johnson also argues that the circuit court erred in concluding that his claim that the circuit court was without jurisdiction to try him on both misdemeanor and felony charges was without merit. Johnson appeared to claim that the consolidation of his charges for trafficking marijuana, unlawful possession of marijuana, and unlawful possession of drug paraphernalia prejudiced his defense. Johnson also claimed that the State did not have jurisdiction to try him for both misdemeanor and felony charges. . . .

The circuit court found that because Johnson's charges were consolidated at Johnson's request, Johnson was entitled to no relief on this claim. Additionally, the circuit court concluded that it had jurisdiction to try Johnson for both his felony and misdemeanor charges pursuant to Rule 2.2, Ala.R.Crim.P.; therefore, Johnson is entitled to no relief on this claim.

.   .   .

[T]he circuit court did not clearly err in denying Johnson's claims attacking the jurisdiction of the circuit court.

V.

Finally, Johnson argues that his convictions for both trafficking marijuana and possession of marijuana in CC-08-2[8]0 violate the prohibition against double jeopardy. The circuit court correctly concluded

8

that no double jeopardy violation occurred. Attached to the court's order denying Johnson Rule 32 relief were the orders recounting the jury verdicts in CC-08-280, CC-08-281, CC-08-282, together with the court's subsequent sentencing orders. Our examination of these orders indicate that although the jury did enter verdicts finding Johnson guilty of both trafficking marijuana and possession of marijuana, no double jeopardy violation occurred because the circuit court's sentencing order adjudicated Johnson guilty of only trafficking marijuana as charged in count one of the indictment and possession of drug paraphernalia as charged in count three, and then sentenced him accordingly on these two offenses. By not adjudicating Johnson guilty of possession of marijuana as charges in count two, the court did not accept the jury's verdict as to this count.[2] See Rule 26.2(b)(1), Ala.R.Crim.P. Moreover, the court's denial of Johnson's motion to nol pros the possession of marijuana charge in count two provides no support for Johnson's alleged double-jeopardy violation. Given that the circuit court did not accept the jury's verdict finding Johnson guilty of the possession of marijuana charge, there was no need for the court to nol pros this charge.

Based on the foregoing, the judgment of the circuit court is affirmed.

(*Id.* at 8-12 (some internal citations, quotation marks, and brackets omitted).) Johnson's self-titled Rule 39K motion (*see* Doc. 10, Exhibit C) was treated by the Alabama Court of Criminal Appeals as an application for rehearing and was overruled on March 25, 2011 (Doc. 10, Exhibit D). Because Johnson did not seek certiorari relief in the Alabama Supreme Court, a certificate of final judgment of affirmance was entered by the Alabama Court of Criminal Appeals on April 13, 2011. (Doc. 10, Exhibit E.)

---

[2]       "We note that the circuit court's actions in CC-08-280 were consistent with its actions in CC-08-281 and CC-08-282, wherein the jury returned verdicts finding Johnson guilty of both counts one and two – unlawful distribution and unlawful possession; however, just as in CC-08-280, the court only adjudicated Johnson guilty and sentenced him for one offense – the unlawful distribution conviction." (Doc. 10, Exhibit B, at 12 n.2.)

Johnson filed his petition seeking habeas corpus relief in this Court, pursuant to 28 U.S.C. § 2254, on July 18, 2011. (*See* Doc. 1, at 12.) Because the petition was not filed on this Court's new form, petitioner was ordered to re-file his complaint (Doc. 3) and he did so on August 12, 2011 (Doc. 5). In the amended petition, Johnson simply claims that he is actually innocent of the crimes of trafficking in marijuana and unlawful distribution of marijuana because he was arrested based on the search of a residence which he neither owned nor resided in at the time of the search. (*See id.* at 7.) The respondent's answer asserts that all of petitioner's claims are barred from this Court's review by the procedural default doctrine. (Doc. 10, at 6-9.)

On October 26, 2011, the undersigned ordered Johnson to file a response to the procedural default defense raised by the respondent. (Doc. 11.) Additionally, the undersigned instructed petitioner to inform this Court in that response whether he was raising to this Court only the claim clearly asserted in his complaint filed on August 12, 2011, or whether it has always been his intent to pursue all claims he raised in his Rule 32 petition filed in the Circuit Court of Escambia County, Alabama. (*See id.* at 2 n.1.)

Johnson filed his response to the foregoing order on December 7, 2011. (Doc. 12.) Therein, he made clear that he has at all times intended to raise in this Court all claims raised in his Rule 32 petition. (*See id.* at 1.) Otherwise his response reads, in relevant part, as follows:

**COMES NOW WILLIE P. JOHNSON**, by pro-se and without benefit of

10

Counsel, Petition this Honorable Court to respond to the Questions handed down to me from the Magistrate of the Court, Petitioner states the following:

Q.1. No[,] BECAUSE OF THE FACT THAT I SHOULD HAVE NEVER BEEN INDICTED FOR A CRIME THAT I DID NOT COMMIT, AND THAT I'M INNOCENT OF ALL CHARGES BROUGHT AGAINST ME BY FRAUD OR BY THE USE OF FALSE INFORMATION.[3]

Q.2. I DO NOT AGREE BECAUSE I'[]M STILL BEING INJURED FROM THIS MANIFEST [] INJUSTICE THAT I WAS SUBJECTED BY THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA.[4]

Q.3. I'[]M STILL [WITHIN] THE STATUTE OF LIMITATION FOR FILING A FEDERAL CLAIM, AND THAT THE ANTI DEATH PENALTY CLAUSE DO NOT APPLY TO ME AT THIS TIME.[5]

Q.4. I suffered Prejudice during my trial because of the fact that I had a hung Jury and since the prosecution knew that it would be hard to convict me in a court of Law, the Prosecutor stack the Jury with the district attorney['s] wife as Jury Foreman.[6]

---

[3]     The first interrogatory the undersigned posed to petitioner in the order of October 26, 2011 was: "Do you agree with respondent's position that one or more procedural defaults have occurred?" (Doc. 11, at 6.)

[4]     The second interrogatory posed to petitioner was:  "If you do not agree that a default has occurred, give each and every reason for your disagreement." (Doc. 11, at 6.)

[5]     The third interrogatory posed to petitioner was: "Assuming that respondent is correct that a procedural default has occurred, for each listed default, give each and every reason that caused (situation, event, or agent that produced result) the default." (Doc. 11, at 6.)

[6]     The fourth interrogatory posed to petitioner was: "Assuming that respondent is correct that a procedural default has occurred, for each listed default state specifically the actual prejudice (specific harm or injury to the outcome of your case) that you suffered as a result of the constitutional violation(s). If more than one procedural default is alleged to have occurred, also state the actual prejudice you suffered as a result of the combined defaults." (Doc. 11, at 6.)

Q.5. My custody is base[d] on an illegal detention, because [] I [was not] at this alleged residence, nor was the illegal drugs found there mines, and because I'[]M STILL BEING INJURED FROM THE GIV[ING] OF FALSE INFORMATION TO THE ESCAMBIA COUNTY GRAND Jury, my indictment was obtained by fraud.[7]

(*Id.*)[8]

## CONCLUSIONS OF LAW

### A.    Procedural Default Doctrine.

In *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the Supreme Court stated that it would "not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id*. at 729, 111 S.Ct. at 2553-

---

[7]     The fifth and final interrogatory posed to petitioner was: "If you argue that you are actually innocent of the crime(s) upon which your custody is based, state your reasons." (Doc. 11, at 6.)

[8]     Concurrent with the filing of this response, Johnson filed a motion to stay this proceeding pending supplementation of the record in this case—by the respondents—with a complete copy of the trial transcript. (*See* Doc. 13.)  Petitioner states that he cannot properly "defend [his] cause on actual innocence" without these records. (*Id.*) According to Johnson, the trial transcript will show that he did not live at the residence where the drugs were found nor was he at the residence when the search was conducted. (*Id.*)

Petitioner's motion to stay (Doc. 13) is **DENIED**. A jury of petitioner's peers convicted him of trafficking in marijuana and unlawful distribution of marijuana after hearing all the evidence and this Court simply cannot go against that finding based upon a review of the trial transcript. Instead, in order for this Court to find petitioner actually innocent of the foregoing crimes, as explained more fully *infra*, petitioner must present this Court with something he cannot, namely "***new*** reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that ***was not presented at trial***." *Schlup v. Delo, infra,* 513 U.S. at 324, 115 S.Ct. at 865 (emphasis supplied).

12

2554. This rule applies whether the state law ground is procedural or substantive. *Id.* at 729, 111 S.Ct. at 2554. The doctrine applies to bar federal habeas review when a state court declines to address a petitioner's federal claims because the petitioner fails to meet a state procedural requirement. *Id.* at 729-730, 111 S.Ct. at 2554; *see also Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (federal courts must honor legitimate state trial and appellate procedural rules when enforced by state courts and must decline to review on the merits claims that the state treats as barred absent a showing of cause for non-compliance with such rules and resulting prejudice); *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir.) ("Pursuant to the doctrine of procedural default, a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."), *cert. denied sub nom. Alderman v. Thomas*, 513 U.S. 1061, 115 S.Ct. 673, 130 L.Ed.2d 606 (1994). A violation of a state procedural rule is adequate to foreclose federal review if the rule is "'firmly established and regularly followed.'" *Lee v. Kemna,* 534 U.S. 362, 376, 122 S.Ct. 877, 885, 151 L.Ed.2d 820 (2002). "In these cases, the state judgment rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 730, 111 S.Ct. at 2554 (citations omitted).

The application of the independent and adequate state ground doctrine in the

habeas context is grounded in concerns of federalism and comity. *Id*.

> Without the rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws.

*Id*. at 730-731, 111 S.Ct. at 2554.

An additional consideration comes to the fore when the independent and adequate state ground supporting a petitioner's custody is a state procedural default.

*Id*. at 731, 111 S.Ct. at 2554.  The Supreme Court has long held

> that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims.  This exhaustion requirement is also grounded in principles of comity; in a federal system, the States should have the opportunity to address and correct alleged violations of state prisoners' federal rights.
>
> .     .     .
>
> [A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance.  A habeas petitioner who has defaulted his federal claims in state court meets the technical requirement for exhaustion; there are no state remedies any longer "available" to him.   In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court.  The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

*Id*. at 731, 732, 111 S.Ct. at 2554-2555, 2555 (internal citations omitted).

In the habeas context, federal courts are to "presume that there is no independent

14

and adequate state ground for a state court decision when the decision 'fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion.'"  *Id*. at 735, 111 S.Ct. at 2557 (quoting *Michigan v. Long*, 463 U.S. 1032, 1040-1041, 103 S.Ct. 3469, 3476-3477, 77 L.Ed.2d 1201 (1983)); *see Harris v. Reed*, 489 U.S. 255, 263, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989) ("[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar.").  In all other cases, the presumption is not applicable.  *See Coleman*, 501 U.S. at 739, 111 S.Ct. at 2559.  In *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), the Supreme Court held that the *Harris v. Reed* presumption is inapplicable to a claim that is never presented to the state courts. *Id*. at 299, 109 S.Ct. at 1069 ("The rule announced in *Harris v. Reed* assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding.").  Moreover, the presumption "looks through" unexplained orders to the last reasoned decision.  *Ylst  v. Nunnemaker*, 501 U.S. 797, 804, 111 S.Ct. 2590, 2595, 115 L.Ed.2d 706 (1991).

> Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.  If an earlier opinion "fairly appear[s] to rest primarily upon federal law," *Coleman*, 501 U.S., at 740, 111 S.Ct., at 2559, we will presume that no procedural default has been

15

> invoked by a subsequent unexplained order that leaves the judgment or
> its consequences in place.  Similarly where . . . the last reasoned opinion
> on the claim explicitly imposes a procedural default, we will presume that
> a later decision rejecting the claim did not silently disregard that bar and
> consider the merits.

501 U.S. at 803, 111 S.Ct. at 2594.  Also, the presumption "may not be applied in cases in

which the state court opinion did not, at a minimum, discuss the federal grounds at

issue." *Tower v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993) ("*Coleman* and *Ylst* lead us to

conclude that we may not assume that had the state court issued an opinion, it would

have ignored its own procedural rules and reached the merits of this case. In fact, the

most reasonable assumption is that had the state court ruled, it would have enforced

the procedural bar.").  Finally, "where a state court has ruled in the alternative,

addressing both the independent state procedural ground and the merits of the federal

claim, the federal court should apply the state procedural bar and decline to reach the

merits of the claim." *Alderman v. Zant, supra*, 22 F.3d at 1549.

When a petitioner has procedurally defaulted a claim, a federal court is barred

from reaching the merits of that claim unless the petitioner "can demonstrate cause for

the default and actual prejudice as a result of the alleged violation of federal law, or

demonstrate that failure to consider the claim[] will result in a fundamental miscarriage

of justice." *Coleman, supra*, 501 U.S. at 750, 111 S.Ct. at 2565. The cause and prejudice

standard applies "uniformly to all independent and adequate state procedural

defaults." *Id*. at 750-751, 111 S.Ct. at 2565.

16

In procedural default cases, the cause standard requires the petitioner to show that "some objective factor external to the defense impeded counsel's efforts" to raise the claim in state court. Objective factors that constitute cause include "'interference by officials'" that makes compliance with the state's procedural rule impracticable, and "a showing that the factual or legal basis for a claim was not reasonably available to counsel." In addition, constitutionally "[i]neffective assistance of counsel . . . is cause." Attorney error short of ineffective assistance of counsel, however, does not constitute cause and will not excuse a procedural default. Once the petitioner has established cause, he must show "'actual prejudice' resulting from the errors of which he complains."

Federal courts retain the authority to issue the writ of habeas corpus in a further, narrow class of cases despite a petitioner's failure to show cause for a procedural default. These are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime. We have described this class of cases as implicating a fundamental miscarriage of justice.

*McCleskey v. Zant*, 499 U.S. 467, 493-494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991)

(internal citations omitted).

### B.   Application of the Procedural Default Doctrine.

In the answer (*see* Doc. 10), respondent asserts that the claims Johnson has raised in the instant petition are procedurally defaulted under *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) due to petitioner's failure to exhaust those claims fully in the Alabama Supreme Court. *See* 526 U.S. at 845 & 848, 119 S.Ct. at 1732 & 1734 ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state

17

courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process. . . . Boerckel's amended federal habeas petition raised three claims that he had pressed before the Appellate Court of Illinois, but that he had not included in his petition for leave to appeal to the Illinois Supreme Court. There is no dispute that this state court remedy-a petition for leave to appeal to the Illinois Supreme Court-is no longer available to Boerckel; the time for filing such a petition has long passed. Thus, Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims." (internal citation omitted)).

It is clear to the undersigned that Johnson has procedurally defaulted all claims raised in his federal complaint for the reason previously identified. More specifically, on collateral review, petitioner did not seek discretionary review in the Alabama Supreme Court via a petition for writ of certiorari. *See Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001) ("[T]here is no doubt that Alabama's discretionary review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule."), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002); *compare id. with Barnett v. Holt,* 2006 WL 1528604, *1 (M.D. Ala. May 26, 2006) (finding all of petitioner's claims procedurally barred under *O'Sullivan v. Boerckel* "since none of his claims were presented to the Alabama Supreme Court in a petition for writ of certiorari relating to either his direct

18

appeal or the denial of his post-conviction motion."). Because the opportunity to exhaust these claims has long passed, this Court is procedurally barred from reaching the merits of these claims pursuant to *O'Sullivan v. Boerckel, supra,* 526 U.S. at 848, 119 S.Ct. at 1734 (a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort has not properly presented the claims and, therefore, has procedurally defaulted same),[9] unless petitioner can establish that the cause and prejudice or fundamental miscarriage of justice exception applies, *Smith, supra,* 256 F.3d at 1138.

Turning to the issue of cause and prejudice, the undersigned finds that Johnson has not demonstrated cause for his procedural default(s). More specifically, Johnson did not include either in his § 2254 petition (Doc. 5), or in his response to the undersigned's show cause order (*see* Doc. 12),[10] any objective factors that would indicate that he was impeded from filing a petition for writ of certiorari in the Alabama Supreme Court on

---

[9]     In addition, to the extent the claim asserted by Johnson in his federal petition (*see* Doc. 5, at 7) is intended by petitioner to be something more than a claim of actual innocence, the undersigned need agree with the respondent that this claim was never raised in the state courts of Alabama; therefore, it is unexhausted and defaulted. *See McNair v. Campbell,* 416 F.3d 1291, 1302 (11th Cir. 2005) ("Habeas petitioners generally cannot raise claims in federal court if those claims were not first exhausted in state court."), *cert. denied sub nom. McNair v. Allen,* 547 U.S. 1073, 126 S.Ct. 1828, 164 L.Ed.2d 522 (2006); *see also id.* ("[I]n order to ensure that state courts have the first opportunity to hear all claims, federal courts 'have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.'").

[10]     Indeed, instead of establishing cause for his procedural default(s), petitioner makes the unremarkable statement that his federal habeas petition has been timely filed, a fact which the respondent has never disputed.

19

collateral review, and, therefore, he has not established cause for his procedural default of the claims he seeks to raise in this Court. *See, e.g., Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) ("'To establish "cause" for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court.'"), *cert.denied,* 543 U.S. 811, 125 S.Ct. 44, 160 L.Ed.2d 14 (2004).

The undersigned also finds that the fundamental miscarriage of justice/actual innocence exception does not apply in this case because petitioner has not satisfied the *Murray v. Carrier* standard. *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). That standard requires Johnson to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." 477 U.S. at 496, 106 S.Ct. at 2649-2650. To be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995); *see also id.* at 327, 115 S.Ct. at 867 ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."). As previously found, Johnson has not come forward with any evidence which establishes his actual innocence and thereby undermines his drug convictions. Instead, petitioner

20

simply makes the conclusory arguments that the trial transcript will show that he did not live in the residence where the drugs were found nor was he at that residence when the search was conducted. (*Compare* Doc. 13 *with* Doc. 5.) Such conclusory statements about what the trial transcript will reflect can provide no relief for petitioner inasmuch as a jury of his peers convicted him of the drug charges based on all of the evidence presented at his trial and he has come forward with no new evidence, as *Schlup* requires, to show that no reasonable juror would have convicted him. Accordingly, this is not one of those rare cases in which the actual innocence exception is applicable.

C.       **Certificate of Appealability.**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of an underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable

21

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Because reliance upon *O'Sullivan v. Boerckel* is firmly established, and Johnson has not established cause (or, for that matter, prejudice) for the procedural default of his claims raised in this Court, the undersigned finds that a reasonable jurist could not conclude that this Court is in error for failing to reach the merits of petitioner's claims, *see, e.g., Coleman v. Thompson, supra,* nor could a reasonable jurist conclude that petitioner should be allowed to proceed further with respect to his claims. *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to

the attention of the district judge in the objections permitted to this report and recommendation.  *See, e.g., Brightwell v. Patterson*, CA 11-00165-WS-C, Doc. 14 (order from Eleventh Circuit denying petitioner a certificate of appealability in a case in which this exact procedure was outlined in the report and recommendation); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

<u>CONCLUSION</u>

The Magistrate Judge finds that this Court is procedurally barred from reaching the merits of petitioner's claims raised in the instant habeas corpus petition. Johnson is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis.*

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 8th day of February, 2012.

 s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[11] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[11]      Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).